UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAUREEN REDDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13016-IT |
| | * | |
| LOWE'S COMPANIES, INC. and | * | |
| EVOLUTION LIGHTING, LLC, | * | |
| | * | |
| Defendants. | * | |

ORDER

October 21, 2014

TALWANI, D.J.

Before the court is Plaintiff Maureen Reddy's <u>Motion to Compel Discovery Responses from Defendant Evolution Lighting, LLC</u> [#57]. Since this motion was filed, additional disclosures have satisfied some of the issues originally presented. On September 9, 2014, after receiving disclosures from Defendant Lowe's Companies, Inc. ("Lowe's"), Plaintiff withdrew certain objections to Defendant Evolution Lighting LLC's ("Evolution") disclosure of discovery materials, stating that the information provided by co-Defendant Lowe's was sufficient. <u>See</u> Pl.s' Reply Supp. Mot. Compel Discovery Resps. Def. Evolution Lighting, LLC, 8, 9, 11 [#75]. On September 18, 2014, prompted by the court's directive that it needed to answer Plaintiff's request for document production in its own name, Defendant Evolution served a response to Plaintiff's request. <u>See</u> Def.'s Objections & Statements Pl.'s First Request Production [#86-1]. Defendant Evolution produced documents pursuant to Plaintiff's request on September 29, 2014. <u>See</u> Joint Mot. Continuance Hearing Pl.'s Mot. Compel [#87]. Plaintiff acknowledges that these

disclosures have narrowed the issues in dispute, but has indicated to the court that a number of interrogatory answers and document requests remain at issue.

The court has reviewed Defendant Evolution's response to Plaintiff's request for document production. This response objects to each of Plaintiff's requests for documents as "overly broad" and "unduly burdensome." See Def.'s Objections & Statements Pl.'s First Request Production at 6-13. The response further indicates that Defendant Evolution has provided documents either "sufficient to show" the information requested or "falling within the scope" of the sort of documents requested. See id.

Defendant Evolution's duty to produce relevant documents is not satisfied by the production of some subset of documents that "fall[] within the scope" of a request or that it has unilaterally determined are "sufficient to show" the information Plaintiff seeks. Rather, absent the assertion of a privilege or some other exception not applicable here, Defendant Evolution must produce all documents within their possession that are responsive to Plaintiff's request and as to which Defendant Evolution has not objected. See Fed. R. Civ. P. 34(a)(1)(A). If Defendant Evolution objects that the request is overbroad, it must identify the documents it is producing subject to that objection with specificity (e.g., all invoices for a specific period of time). Specifically identifying the scope of documents provided will allow the parties to clearly delineate what issues, if any, remain in dispute.

Plaintiff has indicated that clarification of Defendant Evolution's language may resolve some or most of the other outstanding discovery disputes. If disputes remain after receipt of Defendant's supplemental response – and if the parties cannot reach agreement on these disputes after good faith consultation with one another pursuant to Local Rule 37.1(a) – Plaintiff may file a new motion to compel with the court. Any such motion should clearly set forth each


interrogatory or document request still in dispute; Defendant Evolution's response; and Plaintiff's position as to each contested issue, with supporting legal authority.  <u>See</u> Local Rule 37.1(b)(4-5).

As set forth above, Plaintiff's <u>Motion to Compel Discovery Responses from Defendant Evolution Lighting, LLC</u> [#57] is ALLOWED in part and DENIED in part.

IT IS SO ORDERED.

October 21, 2014

/s/ Indira Talwani
United States District Judge