UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAUREEN REDDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13016-IT |
| | * | |
| LOWE'S COMPANIES, INC. and | * | |
| EVOLUTION LIGHTING, LLC, | * | |
| | * | |
| Defendants. | * | |

ORDER

November 12, 2014

TALWANI, D.J.

Defendant Evolution Lighting, LLC ("Evolution") has filed an <u>Unopposed Motion for an Order of Impoundment of Confidential Material</u> [#113] requesting that its motion for summary judgment, as well the accompanying statement of material facts and witness declarations be filed under seal. Evolution states that sealing is appropriate or two reasons: (1) the documents have been designated confidential pursuant to the parties' stipulated protective order, and (2) the documents "contain commercially-sensitive financial or other business information concerning the design and marketing of [Evolution's] products."[1]

Because the public has a "presumptive" right of access to judicial documents,[2] the party seeking to impound materials submitted to the court must make "'a particular factual

---

[1] See Unopposed Mot. Order Impoundment Confidential Material ¶¶ 2-4 [#113] [hereinafter Mot. Impound.].

[2] <u>United States v. Kravetz</u>, 706 F.3d 47, 59 (1st Cir. 2013) (citing <u>Siedle v. Putnam Invs., Inc.</u>, 147 F.3d 7, 10 (1st Cir. 1998)).

demonstration of potential harm, not . . . conclusory statements'"[3] as to why a document should be sealed.[4]  As the court has previously explained in this case, nothing in the parties' joint protective order "limits this court's power to make orders concerning the disclosure or impoundment of documents produced in discovery or at trial" or lessens the moving party's burden to make "a particularized showing of the need for impoundment."[5]

Accordingly, designation of the documents Evolution seeks to impound as "confidential" pursuant to the parties' protective order is not a sufficient ground to support impoundment. Evolution further explains, however, that the documents include "commercially-sensitive financial or other business information."[6]  Moreover, Evolution seeks to redact limited information and exhibits, not entire filings.  For these reasons, Evolution's Unopposed Motion for an Order of Impoundment of Confidential Material [#113] is ALLOWED.

IT IS SO ORDERED.

November 12, 2014

/s/ Indira Talwani
United States District Judge

---

[3] Id. at 60 (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)).

[4] See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986).

[5] See Order, 1 [#44] (allowing in part and denying without prejudice in part the parties' Joint Motion for Entry of Protective Order).

[6] Mot. Impound. ¶ 4.