UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAUREEN REDDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13016-IT |
| | * | |
| LOWE'S COMPANIES, INC. and | * | |
| EVOLUTION LIGHTING, LLC, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

September 24, 2015

TALWANI, D.J.

I.  Introduction

Plaintiff Maureen Reddy ("Reddy") claims that three light shade designs created by Defendant Evolution Lighting, LLC ("Evolution) and sold by Defendant Lowe's Companies, Inc. ("Lowe's") infringe on her design patent for a bathroom vanity light shade. Lowe's now moves for summary judgment on the grounds of invalidity and non-infringement. Evolution joins Lowe's arguments and further moves for summary judgment on the ground of anticipation.

For the reasons set forth below, the court finds that summary judgment is warranted on the grounds of non-infringement. Accordingly Lowe's Motion for Summary Judgment of Non-Infringment [#101] is ALLOWED, Evolution's Motion for Summary Judgment [#106] is ALLOWED insofar as it joins Lowe's argument on non-infringement and is otherwise DENIED AS MOOT, and Lowe's Motion for Summary Judgment of Invalidity [#98] is DENIED AS MOOT.

II.   Facts

   A. *The '423 Patent Design*

Reddy is the registered owner of U.S. Patent No. D677,423 ("the '423 Patent"). See Def. Lowe's Cos., Inc.'s Rule 56.1 Statement Undisputed Material Facts Supp. Mot. Summ. J. Non-Infringement ¶ 1 [#102-1] [hereinafter Lowe's Facts]; Compl. ¶ 9.[1] This patent, which issued on March 5, 2013, is titled "Bathroom Vanity Light Shade," and is for a product designed to fit over an existing row of exposed bulbs above a bathroom mirror (referred to by the parties as a "Hollywood vanity bar"). See Lowe's Facts ¶ 1; Compl. ¶¶ 9-10. As construed, the '423 Patent is "[t]he ornamental design for a bathroom vanity light shade, as shown and described in Figures 1-5 [of Reddy's patent application]." Mem. 24-25 [#125].



See Compl., Ex. A 2-4 [#1-2] (figures taken from the '423 Patent as issued). [2]

---

[1] In opposing Lowe's motion, Reddy did not file "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried." Local Rule 56.1. As a result, the facts as stated by Lowe's are "deemed for the purposes of the motion to be admitted." Id.  Nonetheless, the court has reviewed the entirety of Reddy's filings so as to identify any material (though improperly filed) disputes of fact. As set forth herein, even this more expansive review reveals no factual disputes precluding summary judgment.

[2] Figure four is a close-up of what appears to be a screw bracket on the back of the '423 Patent design. Neither party references this bracketing system in their arguments.

As depicted, the design of the '423 Patent is a rectangular box shape with straight vertical edges that meet at 90-degree corners. The sides and front of the '423 Patent design are flat and unadorned. The back and top of the '423 Patent design are open. Lowe's Facts ¶¶ 13-14; Pl.'s Opp'n Def. Lowe's Cos., Inc.'s Mot. Summ. J. Non-Infringement 12 [#126] [hereinafter Pl.'s Opp'n]. The bottom of the '423 patent design is a translucent "acrylic diffuser bottom." Lowe's Facts ¶¶ 8-9; Pl.'s Mem. at 12. The vertical sides and front of the '423 Patent design are opaque. Lowe's Facts ¶10.[3]

### B. The Allegedly Infringing Designs

Reddy claims that three light shades developed and sold by Lowe's and Evolution infringe on the design of the '423 Patent.

First, Reddy claims that Model No. 411160 infringes her patented design. Model No. 411160 is a rectangular shaped light shade with a flat front and sides made of a white translucent material overlaid with a black filigree pattern. Lowe's Facts ¶ 19; Dep. Maureen Reddy 167:16-168:1 [#103-3] [hereinafter Reddy Dep.].



See Pl.'s Opp'n at 12.

---

[3] In her opposition, Reddy suggested that the sides of the '423 Patent design are not necessarily opaque, but offered no evidentiary support for that assertion. See Pl.'s Mem. at 13. In another brief filed the same day, Reddy asserted that the sides of the claimed design must be opaque. See Pl.'s Opp'n Def. Lowe's Cos., Inc.'s Mot. Summ. J. Invalidity 8 [#127]. Reddy repeated this assertion at oral argument. Accordingly, the court takes this fact as undisputed.

Second, Reddy claims that Model No. 410549 infringes on her patented design.  Model No. 410549 is a light shade with a rounded vertical surface.  The vertical sides of this design are translucent.  Lowe's Facts ¶¶ 22-23; Reddy Dep. 166:16-167:5.



See Pl.'s Opp'n at 14 (first image); Defs. Lowe's Companies, Inc.'s Mem. Supp. Mot. Summ. J. Non-Infringement 8 [#102] [hereinafter Defs.' Mem.] (second image).

Third, Reddy claims that Model No. 411159 infringes her patented design.  Model No. 411159 is a light shade with vertical sides that bow inwards to form a concave surface.  There is a metal finial attached to the bottom of this model.  The front and side surfaces of this model are translucent.  Lowe's Facts ¶¶ 29-30; Reddy Dep. 165:9-23.  The bottom surface of this model is the same material as its front and side surfaces.  Lowe's Facts ¶ 28; Reddy Dep. 165:9-12.



Pl.'s Opp'n at 15 (first image); Defs.' Mem. at 8 (second image).

III. Discussion

    A. *Design Patents & the Ordinary Observer Test*

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title."  35 U.S.C.

§ 171(a) (emphasis added).  Unlike a utility patent, "[a] design patent only protects the novel, ornamental features of the patented design." OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997).  As a result, "[d]esign patents have almost no scope.  The claim . . . is limited to what is shown in the application drawings." In re Mann, 861 F.2d 1581, 1582 (Fed. Cir. 1988); see also OddzOn Prods., 122 F.3d at 1405 ("[C]laim construction . . . properly limits the scope of the patent to its overall ornamental visual impression, rather than to the broader general design concept . . . .").

In assessing claims of design patent infringement, the court uses the "ordinary observer test." See Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc); see also Gorham Mfg. Co. v. White, 81 U.S. 511 (1871) (defining test).  Under the ordinary observer test, infringement occurs "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, . . . the resemblance [between the claimed design and the accused design] is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." Egyptian Goddess, 543 F.3d at 670 (quoting Gorham, 81 U.S. at 528); see also Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("To show infringement under the proper test, an ordinary observer . . . would [have to] be deceived into believing that the accused product is the same as the patented design.").

Because design patents cover only the ornamental aspects of a design, see 35 U.S.C. § 171(a); OddzOn Prods., 122 F.3d at 1405, the court properly excludes functional design elements from consideration in applying the ordinary observer test, see Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1336 (Fed. Cir. 2015).  After excluding functional design elements, the court compares the ornamental features of the design "in the context of the claimed design as a whole, and not in the context of separate elements in isolation." Id. at 1335.

5

If "the claimed design and the accused design . . . [are] sufficiently distinct . . . it will be clear without more that the patentee has not met its burden of proving that the two designs would appear 'substantially the same' to the ordinary observer." Egyptian Goddess, 543 F.3d at 678. In such a case, summary judgment of non-infringement is appropriate. See Ethicon Endo-Surgery, 796 F.3d at 1335 ("Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement *as a matter of law*." (emphasis added)); Volstar Techs., Inc. v. Amazon.com, Inc., No. 13 C 5570, 2014 WL 3725860, at *3 (N.D. Ill. July 28, 2014) (collecting cases granting summary judgment on design patent infringement); see also Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) ("[O]ur task is to determine 'whether the evidence presents a sufficient disagreement to require submission to a jury . . . .'" (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986))).[4]

    B. *Application of the Ordinary Observer Test to the Accused Designs*

        1. *Model Number 411160*

Reddy argues that Model Number 411160 infringes upon the '423 Patent design because the designs have "identical shapes, open backs with mounting rods that are invisible from the front for aesthetic appeal, plain diffuser bottoms for light to shine through, and covered sides." See Pl.'s Opp'n at 12. As a preliminary matter, because both the claimed and accused designs are intended to fit over preexisting lights above a bathroom mirror, an open back and mounting system are functional rather than ornamental aspects of this design. These elements are properly disregarded in the court's analysis. See Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1295

---

[4] If the claimed and accused designs are not "plainly dissimilar," the court may then compare the designs in the context of prior art. See, e.g., Egyptian Goddess, 543 F.3d at 678; Ethicon Endo-Surgery, 796 F.3d at 1335. The court does not reach this step here.

(Fed. Cir. 2010); Lee v. Dayton-Hudson Corp., 838 F.2d 1186, 1189 (Fed. Cir. 1988) ("A device that copies the utilitarian or functional features of a patented design is not an infringement unless the ornamental aspects are also copied, such that the overall 'resemblance is such as to deceive.'") (quoting Gorham, 81 U.S. at 528)). As to the ornamental elements of the designs, the court compares the '423 Patent design and Model No. 411160 to determine if their overall visual impression is substantially similar.



A side-by-side comparison of these designs shows an important similarity in the overall shape of the designs. However, there are also significant differences between the '423 Patent design and Model No. 411160. Most obvious, while the claimed design features an unadorned surface, the accused design includes a contrasting black/white patterned filigree. In addition, the sides of the claimed design are opaque, while the sides of the accused design are made of a white translucent material covered by a black opaque pattern. See Lowe's Facts ¶¶ 10, 19.

When compared against the uniform opaque surface of the claimed design, the dark opaque pattern on top of a white transparent surface is more than a "minor or trivial difference[]." Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1243 (Fed. Cir. 2009). While the accused design has one unbroken rectangular surface, the filigree pattern of the claimed design breaks the rectangular shape into four boxes. This creates an impression of four equal-size squares lined up adjacent to one another rather than a larger rectangle. In addition, the filigreed pattern running through the boxes creates a minute detailing effect that draws attention

7

to the translucence of the backing material by contrasting it with the dark patterned lines of the filigree. The overall impression invoked by the accused design's translucent backing and lined pattern is significantly distinct from the solid, opaque surface of the claimed design. See Minka Lighting, Inc. v. Maxim Lighting Int'l, Inc., No. 3:06-CV-995-K, 2009 WL 691594, at *5, *7 (N.D. Tex. Mar. 16, 2009) (granting summary judgment where a claimed design had a finial banded by two metal rings compared with the accused design's finial that was banded by only one ring, and where another claimed design had two prongs of scrollwork as opposed to the accused design's three); see also Richardson, 597 F.3d at 1296 (affirming finding of non-infringement where the accused design had "fewer blunt edges" than the claimed design). Harel v. K.K. Int'l Trading Corp., 994 F. Supp. 2d 276, 280-82 (E.D.N.Y. 2014) (granting summary judgment where two lighters of the same shape had different ornamental designs on their windguards and sides).

Due to the distinct overall visual impression of the designs, the court finds that no ordinary observer viewing the '423 Patent design and Model No. 411160 together could be deceived into purchasing one believing it to be the other. Egyptian Goddess, 543 F.3d at 670 (quoting Gorham, 81 U.S. at 528).

   2. *Model No. 410549*

Reddy argues that Model No. 410549 infringes on the '423 Patent design because the only difference between the designs is that the accused design has "slightly rounded edges" that are "barely noticeable when the accused product is viewed from the perspective of the ordinary observer," which Reddy suggests requires viewing the design from straight ahead at eye level. Pl.'s Opp'n at 13-14.

As a preliminary matter, in applying the ordinary observer test, the court considers not

only "those features visible at the time of sale" but any feature that is visible during the "normal use" of the product.  Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1379 (Fed. Cir. 2002), abrogated on other grounds by Egyptian Goddess, 543 F.3d at 671.  "Normal use" in this context means "a period in the article's life, beginning after completion of manufacture or assembly and ending with the ultimate destruction, loss, or disappearance of the article."  Id.; see also Int'l Seaway Trading, 589 F.3d at 1241.  Accordingly, Reddy's suggestion that the court should only compare the two designs from a single perspective is incorrect.  During the "normal" use of a light shade, a user would view the design from all angles, and might most often be expected to view it at a slight upwards angle, presuming that the light shade was installed above a bathroom mirror.



Comparing the designs side-by-side, the court again excludes the common features of an open back and mounting system as these are functional rather than ornamental elements.  See Ethicon Endo-Surgery, 796 F.3d at 1336.  In other circumstances, such as where a design includes a number of details or complexities, the court presumes that a single difference may not suffice to distinguish the two designs to an ordinary observer.  Here, however, the '423 Patent design is notably simple—a rectangular light shade made of a solid unadorned surface.  In this context, the "single" difference acknowledged by Reddy is paramount; the accused design's entire shape is different than the claimed design.  This creates a distinct overall visual impression, which is heightened by the contrast between the opaque vertical sides of the '423

Patent design and the translucent vertical surface of Model No. 410549.

While the claimed design has sharp lines and flat surfaces, the overall effect of the accused design is one of soft curvature. See Richardson, 597 F.3d at 1296 ("Overall, the accused products clearly have a more rounded appearance and fewer blunt edges than the patented design."); Ethicon Endo-Surgery, 796 F.3d at 1336 (affirming district court's decision that identified the "most obvious" difference between two designs as the "contoured shape" of one and the "linear shape" of the other); Competitive Edge, Inc. v. Staples, Inc., 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) ("[T]he scalloped edges in the patented design when compared with the smooth edges of the accused design, and the hour-glass shape of the accused design when compared with the block-rectangle shape of the patented design are important aspects that dominate the overall visual appearance of the respective designs.").

The court concludes that the '423 Patent design and Model No. 410549 are plainly dissimilar, such that no ordinary observer could not be induced into buying one mistakenly believing it was the other. See Egyptian Goddess, 543 F.3d at 670 (quoting Gorham, 81 U.S. at 528).

    *3. Model No. 411159*

Reddy argues that Model No. 411159 infringes on the '423 Patent design because the only difference between the two designs is that "the accused product's sides bow slightly inward." Pl.'s Opp'n at 15.



Compared side-by-side, these two designs share a generally similar shape, in that they are both longer in width than height and have sides meeting at angled corners.  However, the dissimilarities in the two designs predominate, creating a distinct overall visual impression.

For example, while the sides of the claimed design are perfect straight, creating an impression of clean, hard angles, the sides of the accused design bow inwards, creating a convex shape that highlights the non-angular overall effect of the design.  See Ethicon Endo-Surgery, 796 F.3d at 1336-37 (affirming finding that designs are dissimilar given differences in shape, such as where one design is tapered at the end and other is not and where one button is rectangular while the other is "football shaped"); Volstar Techs., 2014 WL 3725860, at *2 (finding designs plainly dissimilar where one had the impression of "rounded corners" and the other was "more oval" and had a different height-to-width ratio); Harel, 994 F. Supp. 2d at 282 (granting summary judgment where one lighter's windguard had eight recessed circles and the other had five vertical lines and a pebbled surface); Competitive Edge, 763 F.2d at 1011 (granting summary judgment where one calculator had an hourglass shape and the other had a rectangular shape).  Moreover, where the overall impression of the claimed design is solid and unadorned, the accused design bears a decorative metal finial on its bottom edge, breaking up the otherwise solid surface.  And where the claimed design's side panels are an opaque material (drawing a contrast against its translucent bottom), the accused design's vertical sides and bottom are covered in the same, continuous material.

The court concludes that an ordinary observer could not be induced into mistakenly purchasing Model No. 411159 believing it to be the '423 Patent design; the overall impression of the designs is plainly dissimilar.  See Egyptian Goddess, 543 F.3d at 670 (quoting Gorham, 81 U.S. at 528).

IV.     Conclusion

As stated above, the court finds that each of the accused designs is plainly dissimilar from the claimed design.  Accordingly, Lowe's Motion for Summary Judgment of Non-Infringement [#101] is ALLOWED.   Evolution's Motion for Summary Judgment [#106] is ALLOWED insofar as it join's Lowe's arguments on non-infringement and is otherwise DENIED as moot. Lowe's Motion for Summary Judgment of Invalidity [#98] is also DENIED as moot.

    IT IS SO ORDERED.

September 24, 2015                                                              /s/ Indira Talwani
                                                                                                                              United States District Judge