UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAUREEN REDDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13016-IT |
| | * | |
| LOWE'S COMPANIES, INC. and | * | |
| EVOLUTION LIGHTING, LLC, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 9, 2015

TALWANI, D.J.

I.    Introduction

Plaintiff Maureen Reddy brought this action alleging that Lowe's Companies, Inc.

("Lowe's") and Evolution Lighting, LLC ("Evolution") infringed her design patent.  Compl.

[#1].  Evolution's Motion for Summary Judgment [#106] sought summary judgment on the

substance of that Complaint.  See Evolution's Mot. Summ. J. at 1 (Evolution "hereby moves for

summary judgment on all counts of the Complaint.") (emphasis added).  Lowe's Companies,

Inc.'s ("Lowe's") Motion for Summary Judgment of Non-Infringement [#101] sought summary

judgment on the grounds that Defendants did not infringe Plaintiff's patent.  Lowe's Motion for

Summary Judgment on Invalidity [#98] sought summary judgment on the ground that the patent

was invalid.  Evolution joined both of Lowe's motions.  Although the Defendants previously

asserted counterclaims against Reddy, Amended Answer and Counterclaim [#27], none of the

three summary judgment motions mentioned those counterclaims.  The court construed the

summary judgment motions as directed only at Plaintiff's claims.  On September 24, 2015, this

court allowed Defendants' motions for summary judgment on Plaintiff's claims based on non-infringement, but denied as moot their motions for summary judgment on invalidity and unenforceability.  Mem. & Order at 12.  The court then ordered Defendants to show cause as to why their Amended Counterclaims seeking declaratory judgment on invalidity and unenforceability should not be dismissed without prejudice as moot.

Defendants filed a Response to the Court's Order to Show Cause [#154] and a Motion for Reconsideration [#155].  Plaintiff, acting *pro se*, opposed Defendants' motion [#162], and filed her own Motion for Reconsideration [#165].  Finally, Defendants filed a Motion to Strike Plaintiff's Post-Summary Judgment Filings [#170].

For the following reasons, Plaintiff's Motion for Reconsideration is DENIED, Defendants' Motion for Reconsideration is DENIED, and Defendants' Motion to Strike Plaintiff's Post-Summary Judgment Filings is DENIED.  The court will not dismiss as moot the Amended Counterclaims relating to invalidity and unenforceability and sets a schedule for further summary judgment motions and briefing.

II.     The Motions for Reconsideration

The district court has the "inherent power to reconsider its interlocutory orders." Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008).   However, motions for reconsideration of these orders are only appropriate in a "limited number of circumstances," including if the "original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Plaintiff argues that Evolution's "over-designation" of summary judgment pleadings, declarations, and exhibits as "Confidential—Attorneys' Eyes Only" impaired her ability to meaningfully communicate with her former attorneys and participate in the representation.  Pl.

Maureen Reddy's Mot. Recons. at 1.  This argument is waived as to the summary judgment decision at issue here.  Plaintiff's attorneys had the opportunity to object to the designation of any document as "Confidential—Attorneys' Eyes Only," but they did not.  See Agreed Protective Order Governing Disclosures Confidential Material ¶ 12 [#43-1] (adopted by the court to the extent that the order governed the exchange of documents between the parties).  Whether Plaintiff agreed with her attorneys' actions at the time is immaterial because a "party is deemed bound by the acts of [her] lawyer-agent."  Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962).  Additionally, the "Confidential—Attorneys' Eyes Only" designations did not prejudice Plaintiff.  The court did not review or rely on any images marked "Confidential—Attorneys' Eyes Only" in its Memorandum & Order [#149] granting summary judgment for Defendants for non-infringement.  For these reasons, Plaintiff's motion is denied.

Defendants moved for reconsideration of the court's order rejecting their invalidity argument as moot.  The court did not make a "manifest error" in not addressing Defendants' invalidity argument in connection with Plaintiff's complaint.  Because the court found non-infringement, it did not need to address further arguments as to the substance of Plaintiff's complaint.  Therefore, the court denies Defendants' motion for reconsideration.   As set forth below, however, Defendants' arguments regarding invalidity may be reasserted in motions for summary judgment on Defendants' Amended Counterclaims.

III.    Defendants' Response to the Court's Order to Show Cause

Defendants request that the court not dismiss their Amended Counterclaims on the ground that a live controversy still exists.  A finding of no infringement alone does not moot a counterclaim for invalidity as a matter of law, see Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 102 (1993), and the court has the discretion to dismiss a counterclaim seeking a

declaratory judgment that a patent is invalid as moot following the grant of summary judgment of non-infringement.  Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1351 (Fed. Cir. 2003).  See also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (text of the Declaratory Judgment Act "has long been understood to confer on federal courts unique and substantial discretion on whether to declare the rights of litigants.") (internal quotations omitted); Liquid Dynamics Corp. v. Vaughan Co., Inc., 355 F.3d 1361, 1371 (Fed. Cir. 2004) (holding that a district court "faced with an invalidity counterclaim challenging a patent it concludes was not infringed may either hear the claim or dismiss it without prejudice.").

The court, in its discretion, will not dismiss the Amended Counterclaims and will consider the validity of Plaintiff's patent on renewed motions for summary judgment.  First, Plaintiff has admitted that a "justiciable case and controversy exists between the parties concerning . . . validity, and enforcement of the '423 patent."  Am. Countercl. ¶ 9 [#27]; Pl.'s Answer to Defs.' Countercls. [#28] (admitting allegation).  Second, Defendants are correct that it would be "better practice" to resolve the validity issue expeditiously, Leesona Corp. v. United States, 530 F.2d 896, 906 n.9 (Ct. Cl. 1976), cert. denied, 444 U.S. 991 (1979) (quoting Sinclair & Carroll Co., Inc. v. Interchemical Corp., 325 U.S. 327 (1945)), especially because of the strong "importance to the public at large of resolving questions of patent validity."  Cardinal Chem. Co., 508 U.S. at 100.  Finally, judicial efficiency favors ruling on the validity issue at this juncture, as the parties have engaged in and completed discovery and have already completed substantially all, if not all, of the briefing on invalidity.

Because, as described previously, the court construed Defendants' motions for summary judgment as directed to the substance of the Complaint and not to the Counterclaims, the court invites summary judgment motions, and further briefing as needed, as described below.

IV.     Defendants' Motion to Strike

Defendants move to strike Plaintiff's post-summary judgment Statements of Undisputed Facts [#160, #161] and oppositions to Defendants' motion for summary judgment of invalidity and motion for reconsideration [#162, #163, #164].   To the extent that these documents are offered in support of Plaintiff's Motion for Reconsideration of summary judgment on Plaintiff's complaint, they are untimely, and are not considered for that purpose.   These documents may be offered, however, in opposition to Defendants' anticipated motion for summary judgment on their Amended Counterclaims.

V.     Conclusion

For the foregoing reasons, the court:

1.  DENIES Plaintiff's Motion for Reconsideration.

2.  DENIES Defendants' Motion for Reconsideration.

3.  DENIES Defendants' Motion to Strike.

4.  Allows further summary judgment motions and briefing to be filed as to the Amended Counterclaims as follows:

    (a)     By November 17, 2015, Defendants may file motions for summary judgment on the Amended Counterclaims.  Defendants' motions shall specify whether they are relying on the previously filed memoranda and Statements of Undisputed Facts. If Defendants choose to rely on papers that they have previously filed, they shall specifically identify the docket numbers of those papers.

    (b)     Plaintiff shall file any opposition to Defendants' motions within 21 days of Defendants' filing.  If Plaintiff chooses to rely on papers that she has previously filed, she shall specifically identify the docket numbers of those papers.

IT IS SO ORDERED.

November 9, 2015                                        /s/ Indira Talwani
                                                        United States District Judge